65 F.3d 170
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eddie DAVIS, Defendant-Appellant.
 No. 94-3456.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 22, 1995.
Decided Aug. 23, 1995.
 
 Before CUMMINGS, COFFEY and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Appellant Eddie Davis was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. Sec. 922(g)(1). Davis was designated an "Armed Career Criminal," pursuant to 18 U.S.C. Sec. 924(e), and sentenced to 235 months in prison. Counsel has moved to withdraw and filed an Anders' brief.[1] We grant the motion to withdraw and dismiss the appeal.
 
 FACTS
 
 2
 On the evening of March 4, 1993, Davis was a passenger in a car driven by his half-brother, Mark Taylor. Taylor ran a red light and was pulled over by two Chicago police officers. The officers exited the squad car and approached the stopped vehicle. The officer approaching on the driver's side, Officer Bikulcius, believed he saw Davis moving furtively with an object that appeared to be a gun. Bikulcius signaled his partner, Officer Valleyfield, who was approaching from the passenger's side, that the passenger might have a gun. Valleyfield observed Davis stick a small gun inside a glove and then jam the glove into his pants. Both Taylor and Davis were removed from the vehicle and searched. A .32 caliber derringer hidden in a glove was recovered from Davis' groin area.
 
 
 3
 Taylor was cited for driving without a valid driver's license. As Davis was a convicted felon,[2] he was charged under 18 U.S.C. Sec. 922(g)(1). Davis waived his right to a jury trial, and was tried before Judge Aspen. For purposes of 18 U.S.C. Sec. 922(g)(1), both sides stipulated that Davis was a convicted felon and that the gun had traveled in interstate commerce. The sole issue at trial was whether Davis "possessed" the firearm.
 
 
 4
 Both officers testified concerning the traffic stop and the gun found on Davis' person. A check of the firearm's serial number revealed Catherine Taylor, the half-sister of Davis and Mark Taylor, was the last known owner of the firearm. Catherine Taylor testified that the gun had belonged to her, and that the gun had been recently stolen. She further testified that she believed the gun had been stolen by Davis or Mark Taylor, as they were the only other people with access to her apartment who knew where she hid the weapon.
 
 
 5
 Defense counsel presented two theories during the course of the proceeding. First, that the gun had been planted in the car by the officers. This theory was refuted by the ownership history of the weapon. Second, defense counsel attempted to establish that the weapon was actually possessed by Mark Taylor. The only evidence offered by Davis was Mark Taylor's grand jury testimony.[3] Judge Aspen reviewed the transcript of the testimony, and ultimately concluded it was inadmissible as utterly unreliable.
 
 
 6
 Judge Aspen held that Davis was guilty of the charged offense. In addition, Judge Aspen noted that even if the grand jury testimony had been admitted, it would not have changed the result.
 
 
 7
 As Davis had an extensive history of violent crime, he was sentenced as an Armed Career Criminal, pursuant to 18 U.S.C. Sec. 924(e) and U.S.S.G. Sec. 4B1.4. Davis' offense level was 33, his criminal history category VI, with a guidelines range of 235-293 months. Judge Aspen sentenced him to the 235 month minimum.
 
 ANALYSIS
 
 8
 Counsel's Anders brief only raises one issue: whether Davis was proved guilty beyond a reasonable doubt.
 
 
 9
 This court evaluates challenges to the sufficiency of the evidence by determining "whether, after viewing the evidence in the light most favorable to the government, any rational trier of fact could have found, beyond a reasonable doubt, the essential elements of the crime." United States v. Penny, No. 94-2934, slip op. at 9 (7th Cir. July 26, 1995). The eye-witness testimony of the police officers, coupled with the chain of ownership of the weapon, clearly meets this standard.
 
 
 10
 Further, this court's review of the record does not reveal any other nonfrivolous issues that might be raised on appeal.
 
 
 11
 Davis' waiver of a jury trial was knowingly and voluntarily made. Judge Aspen inquired of Davis about his consultation with counsel on the matter, and Davis executed a proper written waiver. (See Record # 28; Trial Transcript Vol. I at 15-16).
 
 
 12
 Judge Aspen's denial of Davis' motion to suppress evidence, based on Davis' later refuted theory that the police planted the gun in the car, was also proper. As Davis was simply a passenger in the vehicle, he had no standing to challenge the results of a search of the car. See United States v. Price, 54 F.3d 342, 345-46 (7th Cir.1995) (citing Rakas v. Illinois, 439 U.S. 128 (1978)).
 
 
 13
 The exclusion of Mark Taylor's grand jury testimony was also proper. Evidentiary rulings of a district court will only be overturned on appeal if the district court abused its discretion. United States v. Hubbard, No. 93-2883, slip op. at 19 (7th Cir., July 21, 1995). Given the obvious interest of Mark Taylor in deflecting blame from both himself and his half-brother, and the extensive contradictions and inconsistencies in the testimony itself, it was not an abuse of discretion for Judge Aspen to exclude it. See generally United States v. Dent, 984 F.2d 1453, 1462-63 (7th Cir.1993), cert. denied, 114 S.Ct. 169 (1993) (reliability of grand jury testimony). Further, as noted by Judge Aspen, even if the testimony was admitted it would not have changed the result, as Mark Taylor's testimony did not provide any credible support for Davis' position.
 
 
 14
 There is no violation of the Speedy Trial Act, 18 U.S.C. Sec. 3161, et seq. While Davis was indicted on August 5, 1993, but not tried until November 8, 1993, Judge Aspen properly excluded the excess time pursuant to 18 U.S.C. Sec. 3161(h)(1)(F) for the preparation and evaluation of pretrial motions. (Record # 11).
 
 
 15
 Lastly, Judge Aspen complied with all the requirements of Federal Rule of Criminal Procedure 32, and Davis' sentence was properly calculated under the guidelines.
 
 CONCLUSION
 
 16
 There are no nonfrivolous issues which warrant an appeal. Counsel's motion to withdraw is GRANTED, and the case is DISMISSED.
 
 
 
 [1]
 See Anders v. California, 386 U.S. 738 (1967). Pursuant to Circuit Rule 51(a), Davis was notified of his counsel's motion to withdraw and given the opportunity to respond. He elected not to do so
 
 
 [2]
 As was Taylor
 
 
 [3]
 Neither side was able to locate Mark Taylor, who disappeared before trial. In essence, Taylor testified that neither he nor Davis had a gun nor was there a gun in the car. In the course of his testimony, he conceded he knew little of his half-brother's activities and had only limited awareness of the search of Davis